JUSTICE NELSON
concurs.
¶30 For the most part, I concur in the Court’s Opinion. While I believe that the Graves instruction better explains the “justifiable use of force” defense, I would not find reversible error in the trial court’s discretionary refusal to give the instruction in this case. On the facts here, the other self-defense instructions that were given adequately instructed on Archambault’s theory of defense.
¶31 That said, I suggest that it is a mistake not to provide the trial courts with some guidance as to when it is appropriate to give the Graves instruction and when it is not necessary. I suspect that there is, and will continue to be, a constant tension between accused persons-who will invariably want the instruction-and prosecutors-who will invariably not want the instruction. I also believe that trial courts are more inclined to give minimum instructional guidance to the jury, rather than more, with the result that the Graves instruction will remain on the books as good law, but, as here, with little practical import for the defense.
¶32 For example, it may be appropriate to require the Graves instruction in cases where there is a factual dispute over whether the accused or the victim was the aggressor, or where there is a factual dispute involving the imminence of the danger or threat against which *16 the accused is defending himself or herself. Similarly, it may be appropriate to require the instruction where, there is a factual dispute involving the accused’s objective or subjective belief about the danger being defended against.
¶33 To be sure, the statutory (White) instruction and the Graves instruction do not contain identical information-i.e., where the giving of one would simply be cumulative of the other. The Graves instruction actually provides the jury more information than does the White instruction and, in my view, better focuses the jury’s attention on the elements of the defense. Certainly judges and lawyers are proficient at reading through a statute-e.g., the White instruction-and picking out elements or facts that need to be proven. Most lay jurors are not so adept, and, especially in complicated cases involving self-defense, it may be critical that the jurors be instructed in the more informative and “cook-book” fashion that the Graves instruction provides. In those cases, the Graves instruction should be required.
¶34 Given that we have not provided this guidance to the district courts, it will be up to defense counsel to not only offer the Graves instruction, but to also make an on-the-record showing of why the instruction is required, by reference to specific factual disputes necessitating the instruction. Only then will the accused have a reasonable chance of receiving the benefit of the instruction.
¶35 With that caveat, I concur.